MILLER, Respondent, v. HANSEN & THE NATIONAL BENEFIT ASSOCIATION, Appellant

(4 N. W.2d 602.)

(File No. 8513.   Opinion filed June 17, 1942.)

**Fellows & Fellows,** of Mitchell, for Appellant.

**T. R. Johnson,** of Sioux Falls, and **Dwight H. Lloyd,** of Flandreau, for Respondent.

RUDOLPH, P.J.   The defendant has appealed from an order granting the plaintiff a new trial.   The evidence offered at the trial was not in dispute and based upon this evidence the trial court made findings of fact and conclusions of law.

▇▇▇ The grounds upon which a new trial was ordered are set forth in the order granting plaintiff a new trial, as follows:

"1.   The grounds urged and set forth in the Plaintiff's application for new trial which is referred to and by this special reference made a part hereof, and particularly,

"2.   The insufficiency of the evidence to support the findings of fact and conclusions of law upon which the said judgment was predicated.

"3.   The findings of fact as entered do not support the conclusions of law and the conclusions of law do not sustain the judgment." .

SDC 33.1611 provides:   "The trial Court when granting an application for new trial shall in its order specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial Court."

It is contended that under the reasoning of this court in the case of Houck v. Hult et al., 58 S. D. 181, 235 N. W. 512, the order itself is insufficient.   However, we need not pass upon the order as such in this case.   A consideration of the application for a new trial discloses that the only substantial reasons set forth in the application for a new trial were the insufficiency of the evidence to support the find-

ings of fact and the failure of the findings of fact to support the conclusions of law. The evidence being undisputed and the findings of fact accurately reflecting this undisputed evidence the order cannot be sustained on the ground of the insufficiency of the evidence to support the findings. This leaves only the ground in support of the order that the findings of fact do not support the conclusions of law. "The sufficiency of findings of fact to support a conclusion of law is a question that cannot properly be raised, upon a motion for new trial, but can be raised upon appeal from the judgment. It is perfectly clear that an error in conclusions of law is not included in any of the first six subdivisions of section 301, Code Civ. Proc. [now SDC 33.1605], providing the causes for which new trial can be granted. Neither is such an error an 'error in law, occurring at the trial.' Subdivision 7, § 301, Code Civ. Proc. [now SDC 33.1605(7)]." In re Estate of R. R. Roberts, 41 S. D. 331, 170 N. W. 580; Hayden v. City of Sisseton, 41 S. D. 413, 171 N. W. 88; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874.

The order appealed from is reversed.

All the Judges concur.