MELVIN B. MCCLINTOCK, APPELLEE, v. NEMAHA VALLEY
SCHOOLS, APPELLEE, IMPLEADED WITH COMMISSIONER
OF LABOR, APPELLANT.

253 N. W. 2d 304

Filed May 11, 1977. No. 40975.

James R. Jones and Richard H. Williams, for appellant.

Michael J. Donahue of Witte, Donahue & Faesser, for appellee McClintock.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, J.

This is an appeal from the District Court which reversed a decision of the Nebraska Appeal Tribunal, Department of Labor, which denied unemployment assistance benefits. The Commissioner of Labor prosecutes this appeal. It involves the construction of a teacher's employment contract. We affirm.

The judgment of the District Court was entered on June 21, 1976. Defendant, Commissioner of Labor, did not file a motion for a new trial until July 14, 1976. The motion, which was not timely filed, was overruled on July 16, 1976. Notice of appeal was filed on July 20, 1976, or within 30 days of the judgment.

There is no factual dispute herein. The issue presented is one of law. Plaintiff was employed by the Nemaha Valley Schools under a teaching contract. The contract is not included in the record. From the testimony we conclude that the contract was to begin on or about August 22, 1974, and end on or about

May 23, 1975. It required work of 185 days, exclusive of holidays and vacations. Salary was to be paid in 12 equal installments. If the contract was terminated, the compensation to be paid thereunder should be an amount which bore the same ratio to the yearly salary specified as the number of days of service to the date of such termination bore to 185 days. Plaintiff worked the full 185 days, so the contract salary was earned.

Plaintiff was notified in January of 1975 that due to decreased enrollment his contract would not be renewed, and his services would be terminated at the end of the school term. The term ended May 23, 1975. Plaintiff requested payment in full, which the school district paid. The judgment of the District Court makes a specific finding that one of the conditions of plaintiff's contract provided that if the contract was terminated, then plaintiff would be entitled to all remaining compensation due under the contract.

The Commissioner of Labor argues that the plaintiff was not unemployed for the reason that he was hired for a period of 1 year, and the payment at the end of the work period was advance payment for the summer period. A determination of this issue requires the construction of the contract between the parties. This is a question of law.

The Commissioner argues that this is a civil action, equitable in nature, and as such a motion for a new trial is not a prerequisite in order for this court to search the record. He cites in support of this proposition Peek v. Ayres Auto Supply, 155 Neb. 233, 51 N. W. 2d 387 (1952), a workmen's compensation case.

We call attention to the following from the Peek case: "As stated in Meester v. Schultz, 151 Neb. 614, 38 N. W. 2d 739: 'All of the provisions of our Civil Code are applicable and controlling in a workmen's compensation case as they are in any other

civil action equitable in nature. See Chilen v. Commercial Casualty Ins. Co., 135 Neb. 619, 283 N. W. 366.' See, also, Schmidt v. City of Lincoln, 137 Neb. 546, 290 N. W. 250.

"Further, this court has concluded that the filing of a motion for new trial is not necessary in order to obtain review of a workmen's compensation case upon the merits in this court. Hansen v. Paxton & Vierling Iron Works, 135 Neb. 867, 284 N. W. 352.

"In the light of the foregoing, the applicable rule, as in equity cases, must be that in order to review errors of law which allegedly occurred during the trial of a workmen's compensation case, a motion for new trial must be timely filed, assigning such errors therein, and they must also be subsequently assigned and discussed in the brief filed in this court on appeal, or they will not ordinarily be considered. Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447; Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482."

The instant case presents purely a question of law — the construction of the contract. The contract, however, is not before us. From the record we can glean that it provided as set out above. It was, however, before the appeal tribunal. None of the exhibits are included in the transcript of the testimony. Section 48-638, R. R. S. 1943, provides in part as follows: "With his answer or petition, the commissioner shall certify and file with the court a certified copy of the records of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the appeal tribunal's findings, conclusions, and decisions therein." It was the Commissioner's duty to bring up a full transcript. This, however, is immaterial herein because the Commissioner, who is seeking to review an error of law, did not file the necessary motion for a new trial to give the District Judge an opportunity to correct his error if one was made, an issue we do not reach.

We affirm the judgment of the District Court on the basis that the Commissioner failed to file a motion for a new trial. Under our holdings the question presented is not properly here for determination. We accept the contention of the Commissioner. This is a civil action, equitable in nature. He contends that no motion for a new trial is necessary in equity cases. This court has held that a motion for a new trial is necessary in such cases if it is desired to review alleged errors of law occurring at the trial. See Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447 (1946). To review errors of law occurring upon the trial of an equity case a motion for a new trial is necessary.

We affirm the judgment of the District Court.

AFFIRMED.

BOSLAUGH, J., dissenting in part.

While I believe the court reached the right result in this case, I disagree with the holding that a motion for new trial is required to review the decision in an equity case where the case is to be decided as a matter of law upon the pleadings and evidence.

The rule has been that a motion for new trial is necessary in an equity case only to obtain a review of alleged errors of law occurring at the trial. Where the facts have been stipulated and the alleged errors are questions of law no motion for new trial is required. Furnas County Farm Bureau v. Brown, 112 Neb. 637, 200 N. W. 451. It has never been the rule that a motion for new trial was required where the error alleged was that the trial court decided the case erroneously.

The question is what are "errors of law occurring at the trial." This has been generally held to mean rulings during the trial on evidentiary matters, matters of pleadings, and similar questions. Neither Peek v. Ayres Auto Supply, 155 Neb. 233, 51 N. W. 2d 387, nor Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447, nor any other previous Nebraska decision of

which I am aware, support the rule announced in this case.

As stated in Peek, a workmen's compensation case, no such alleged errors of law were presented for review. This court decided that case on the merits by a review of the evidence and the applicable statutes. In Oertle, a divorce case, the lack of a motion for new trial prevented the appellant from obtaining a review of the trial court's refusal to allow the appellant to amend her petition and the ruling on an offer of testimony. It did not prevent a review of the decision of the trial court which, on trial de novo, was affirmed.

A change in a rule of practice should be made prospectively to save the rights of any litigant whose case has already been decided by the District Court.

McCown, J., joins in this dissent.