GARY M. PETERSEN, APPELLANT, V.
LINDA J. PETERSEN, APPELLEE.

301 N.W.2d 592

Filed February 6, 1981. No. 42995.

Steven T. Swihart for appellant.

Gregory P. Drew and Roy I. Anderson for appellee.

Heard before BOSLAUGH and WHITE, JJ., and COLWELL, RIST, and HOWARD, District Judges.

RIST, District Judge.

This is an action for dissolution of marriage in which petitioner, Gary M. Petersen, appeals from the decree of the trial court, assigning as error an abuse of discretion in the award of alimony and child support. Respondent, Linda J. Petersen, was awarded alimony in the gross amount of $100,000, payable in ten annual installments, and child support in the amount of $400 per month.

Before considering such assignments of error, we

first consider the fact that no motion for new trial was filed by petitioner in the trial court.

The rule in this jurisdiction is that actions for dissolution of marriage are considered as being in equity and on appeal are considered de novo in this court. Respondent argues, however, that such de novo review does not permit a review of the trial court's decision absent a motion for new trial and ruling thereon by the trial court. In support thereof, she cites *Sempek v. Sempek*, 198 Neb. 300, 252 N.W.2d 284 (1977); *McClintock v. Nemaha Valley Schools*, 198 Neb. 477, 253 N.W.2d 304 (1977); and *Christensen v. Eastern Nebraska Equipment Co., Inc.*, 199 Neb. 741, 261 N.W.2d 367 (1978).

*Sempek* was a constructive contempt proceeding where a motion for new trial was not timely filed. Such actions are treated on appeal as actions at law where, absent such motion, the appellate court will only examine the record to determine if the pleadings are sufficient to confer jurisdiction on the trial court to make the order complained of. *Wright v. Wright*, 132 Neb. 619, 272 N.W. 568 (1937). Accordingly, it is not authority for respondent's position. *Christensen* involved an appeal in a law action originating in the county court and where no motion for new trial was filed in the District Court. Again, the rule as announced in *Sempek* is applicable and does not support respondent's position here.

*McClintock* was an appeal to the District Court from the Nebraska Appeal Tribunal where a motion for new trial was not timely filed in the District Court. The action was treated as being equitable in nature on appeal to this court. The majority opinion held that while the judgment could be affirmed upon other grounds, it cited the well-known rule that, in equity cases, in order to review errors of law occurring during the trial, a motion for new trial must be timely filed and ruled upon. It then proceeded to hold that the trial court's judgment construing the employment

contract there involved was such a question of law and, absent such motion, such matter was not before this court. It affirmed the trial court's judgment on that basis.

The dissent in *McClintock* dealt with a definition of "errors of law occurring during the trial," and submitted that such errors generally involved rulings on the admission of evidence, matters of pleadings, and similar questions, and do not include as an alleged error that the trial court decided the case erroneously.

We believe it necessary to examine this issue again.

There is no question that in appeals in equity actions a motion for new trial is required to review rulings of the trial court on the admission or exclusion of evidence and on the amendment of pleadings. It is a rule of long standing. *Oertle v. Oertle*, 146 Neb. 746, 21 N.W.2d 447 (1946); *Nemetz v. Nemetz*, 147 Neb. 187, 22 N.W.2d 619 (1946); *Rush v. Heinisch*, 157 Neb. 545, 60 N.W.2d 608 (1953); *Faught v. Platte Valley Public Power & Irrigation Dist.*, 155 Neb. 141, 51 N.W.2d 253 (1952).

In *Lindgren v. School Dist. of Bridgeport*, 170 Neb. 279, 284, 102 N.W.2d 599, 605 (1960), this court held: "It has been the consistent holding of this court that in an equity action a motion for a new trial is required to secure a review of rulings of the trial court on alleged errors occurring at the trial, such as rulings on the rejection or reception of evidence. *It is required for no other purpose.*" (Emphasis supplied.)

It has also been consistently held that even without a motion for new trial this court on appeal can try an equity case de novo on the record and upon its merits. *Douglas County v. Barker Co.*, 125 Neb. 253, 249 N.W. 607 (1933); *Rossbach v. Bilby*, 155 Neb. 575, 52 N.W.2d 747 (1952); *Molczyk v. Molczyk*, 154 Neb. 163, 47 N.W.2d 405 (1951); *Peek v. Ayres Auto Supply*, 155 Neb. 233, 51 N.W.2d 387 (1952).

Other jurisdictions have had occasion to define the phrase "errors in law occurring at the trial." In *Miller*

*v. National Benefit Ass'n.*, 68 S.D. 476, 4 N.W.2d 602 (1942), the Supreme Court of South Dakota held that errors in conclusions of law did not fall within the meaning of such phrase. In *Altmeyer v. Norris*, 124 Ind. App. 470, 119 N.E.2d 31 (1954), the appellate court of Indiana held that the finding of a trial court, if erroneous, is not an error occurring at the trial. The Supreme Court of Minnesota, in *Roelofs v. Baber*, 194 Minn. 166, 259 N.W. 808 (1935), held that errors occurring at the trial were those during the progress of the trial and before rendition of verdict or judgment.

Nowhere prior to *McClintock* has this court held that alleged errors in the trial court's findings or final judgment are errors of law occurring at or during the trial. We conclude from this examination that they are not such errors.

We further conclude from an examination of *McClintock* that it was not intended to change the rule with respect to the scope of review of equity cases where a motion for a new trial was not filed, but rather was intended as an application of the rule which had been in effect for many years. After careful consideration, we find that the majority opinion in that case improperly applied that rule; that alleged errors in the findings and judgment of the trial court are not errors occurring at or during trial; and that such findings and judgment in an equity action may be reviewed de novo on appeal without the filing of a motion for new trial. *McClintock* is therefore overruled to the extent that it conflicts with this determination. We therefore proceed to consider petitioner's assignments of error.

While such assignments relate only to the awards of alimony and child support, we note the decree divided the real estate of the parties, having an equity of approximately $83,000, in equal shares, each party to assume one-half of the mortgage indebtedness; divided the personal property of the parties, including automobiles, in substantially equal shares; and divided the unsecured debts of the parties in approximately

equal amounts. Petitioner was ordered to pay the secured indebtedness on the motor vehicles awarded to him; the motor vehicles awarded to respondent being free of such debt.

The parties were married in June 1958 and had three children, two of whom are emancipated. Petitioner is employed as a salesman with a net income at time of decree of $1,602 per month. Prior bonuses from his employer terminated in mid-1979, such bonuses having materially increased petitioner's earnings in prior years. There is no evidence indicating any resumption of a bonus plan or any substitute arrangement providing additional income to petitioner from his employment. Respondent at time of decree was engaged in new employment at a gross annual salary of $6,000, resulting in a net monthly income of from $400 to $460, depending upon tax exemptions. There is no evidence of any significant inheritance or gift to either party from others, nor any evidence of prior employment outside the home by respondent. Respondent was awarded custody of the minor child of the parties. Alimony and child support were awarded as set forth in the beginning of this opinion.

The allowance of alimony in the amount of $10,000 annually plus child support of $400 per month would require approximately 75 percent of petitioner's present net income. We find such allowances are beyond the reasonable reach and capacity of petitioner; and considering the division of property made by the trial court and the circumstances of the parties, such allowances are excessive to the point they represent an abuse of discretion.

We have considered the statutory criteria for allowances of alimony and child support (Neb. Rev. Stat. §§ 42-364 and 42-365 (Reissue 1978)) and prior decisions of this court relative to appropriate allowances. See *Brown v. Brown*, 199 Neb. 394, 259 N.W.2d 24 (1977). *Kosnopfl v. Kosnopfl*, 206 Neb. 524, 293 N.W.2d 854 (1980). Applying the same to the facts of this case, we find the decree herein should be modified

in the following respects: (1) Child support is fixed at $300 per month from the date of the mandate of this court herein, to continue until the minor child of the parties is emancipated or until the further order of the trial court; and (2) Respondent is awarded alimony in the amount of $4,800 per year for a period of 5 years, payable $4,800 April 1, 1981, and a like amount each April 1 thereafter, through and including April 1, 1985; said alimony to terminate upon the death of either party or remarriage of respondent. As to any unaccrued installments thereof, no installments shall bear interest to due date; but thereafter, if unpaid, such installment shall bear interest at 8 percent per annum from due date until paid.

This cause is remanded to the trial court for modification as herein provided. Respondent is awarded the sum of $300 for services of her attorney in this court.

REMANDED WITH DIRECTIONS.

PER CURIAM.

The entire court joins in the opinion rendered by the division overruling our previous holding in *McClintock v. Nemaha Valley Schools*, 198 Neb. 477, 253 N.W.2d 304 (1977).