DAWN K. NOVAK, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVEN M. NOVAK, DECEASED, APPELLANT, V.
GORDON L. NELSEN ET AL., APPELLEES.

311 N.W.2d 8

Filed October 9, 1981. No. 44398.

Gast & Kielty for appellant.

Alan L. Plessman for appellees.

PER CURIAM.

The defendant Byington has filed a motion to dismiss the appeal in this automobile accident negligence case. The only issue is when the time for filing a motion for new trial begins to run following the rendition and acceptance of a jury verdict. Because the court has not

directly ruled on the specific issue here, an opinion is deemed appropriate.

At the conclusion of the evidence the trial court sustained a motion for directed verdict as to defendant Nelsen, and on April 16, 1981, the jury returned its verdict in favor of the defendant Byington. On the same date the trial judge noted on the trial docket that the verdict was accepted. The proceedings had on April 16, 1981, were spread upon the journal of the court on the following day. On April 20, 1981, the District Court entered judgment on the jury verdict and dismissed the plaintiff's petition. On April 30, 1981, motion for new trial was filed by the plaintiff, which was overruled by the District Court on May 22, 1981. On June 16, 1981, notice of appeal was filed.

Neb. Rev. Stat. § 25-1142 (Reissue 1979) provides in part: "A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court."

Neb. Rev. Stat. § 25-1143 (Reissue 1979) provides in relevant part: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered . . . ." The stated exceptions are not involved here.

We have consistently held that a motion for a new trial filed more than 10 days after a verdict, report, or decision is rendered is a nullity, and that the overruling of such a late motion does not extend the time for filing a notice of appeal. *Pallas v. Dailey*, 169 Neb. 277, 99 N.W. 2d 6 (1959).

After a verdict by a jury a motion for new trial must be made within 10 days after the verdict was rendered and accepted by the court, not from the date judgment was entered on the verdict. See § 25-1143. To the extent *Community Credit Co. v. Gillham*, 191 Neb. 198 at 206, 214 N.W.2d 384 at 390 (1974), is in conflict, it is overruled.

In the absence of a timely motion for new trial, a notice of appeal must be filed within 1 month after the

rendition of the judgment or decree or the making of the final order. See Neb. Rev. Stat. § 25-1912 (Reissue 1979).

In this case the motion for new trial was filed more than 10 days after the verdict of the jury was rendered, accepted, and filed and it was, therefore, a nullity. Judgment on the verdict was entered on April 20, 1981, and notice of appeal was filed on June 16, 1981, more than 30 days thereafter. This court is therefore without jurisdiction. The appeal is dismissed.

APPEAL DISMISSED.