IN RE INTEREST OF B.M.H., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLANT, V. E.M.H., APPELLEE.

446 N.W.2d 222

Filed September 29, 1989.   No. 88-947.

Robert M. Spire, Attorney General, and Royce N. Harper for appellant.

Janet S. Gurwitch for appellee.

Carolyn A. Rothery, of Byrne, Rothery, Lewis, Bedel, Tubach & Zielinski, guardian ad litem.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

On June 9, 1988, the separate juvenile court of Douglas County adjudged that B.M.H. was a juvenile under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) and ordered that B.M.H. remain in the temporary custody of the Department of Social Services (department). On September 14, the court ordered B.M.H.'s mother to participate in psychological evaluation and psychotherapy, including group therapy, and further ordered: "The cost of such therapy shall be borne by Nebraska Department of Social Services."

On October 19, the department filed a motion for rehearing or modification of the order which "required the Department of Social Services to bear the cost of psychological therapy" for B.M.H.'s mother, claiming that the court lacked authority to require that the department pay the cost of a parent's therapy. The court overruled the department's motion on November 1, 1988. The department filed its notice of appeal to this court on November 9, 1988.

The department's sole assignment of error is that the juvenile court erred in ordering the department to pay for the psychological treatment of B.M.H.'s parent. However, a prerequisite to a discussion of the department's assignment of error is a determination whether this court has jurisdiction.

Neb. Rev. Stat. § 43-2,126 (Reissue 1988) provides that "[a]ny final order or judgment entered by a separate juvenile court may be reviewed by the Supreme Court of Nebraska within the same time and in the same manner prescribed by law for review of an order or judgment of the district court . . . ."

Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1988) prescribes the time within which a notice of appeal must be filed to vest jurisdiction in this court, namely:

[P]roceedings to obtain a reversal, vacation, or

modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court.

Section 25-1912(2) provides: "The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial under section 25-1143, if such motion is filed by any party within ten days after the verdict, report, or decision was rendered . . . ."

A final order is "an order affecting a substantial right in an action . . . ." Neb. Rev. Stat. § 25-1902 (Reissue 1985).

The question is whether an order by the separate juvenile court that requires a parent to participate in psychological therapy and also requires the department to pay for such therapy is a final order.

Helpful in our determination whether there is a final order in this case is *In re Interest of G.B., M.B., and T.B.*, 227 Neb. 512, 418 N.W.2d 258 (1988). In *G.B.*, the separate juvenile court of Douglas County ordered, inter alia, that the department pay part of the costs for a juvenile who had been placed in a treatment center. Implicit in our decision to review the propriety of the juvenile court's order in *G.B.* is our conclusion that an order directed to the department to pay for the costs of future treatment is a final order for purposes of § 25-1902. Thus, the juvenile court's order sought to be reviewed in this appeal is a final order.

If a motion for new trial, authorized by law, has been filed within 10 days of a decision (see Neb. Rev. Stat. § 25-1143 (Reissue 1985) and § 25-1912(2)), the motion for new trial suspends the time limit for filing a notice of appeal. When the motion for new trial has been disposed of by the court rendering the decision, appellate jurisdiction is vested in the Supreme Court by compliance with the provisions prescribed by

§ 25-1912, i.e., timely notice of appeal and deposit of docket fee.

In the present appeal, the department's motion, which we characterize as a motion for new trial, was filed on October 19, 1988, more than 10 days after the juvenile court's decision of September 14, 1988, for which the department seeks appellate review. An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal to the Supreme Court, and does not extend or suspend the time limit for filing a notice of appeal. *In re Interest of C.M.H. and M.S.H.*, 227 Neb. 446, 418 N.W.2d 226 (1988); *Novak v. Nelsen*, 209 Neb. 728, 311 N.W.2d 8 (1981). Hence, the department's motion was a procedural nullity.

Neb. Rev. Stat. § 25-1912.01(1) (Reissue 1985) states: "A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record."

Pursuant to § 25-1912.01(1), the Supreme Court has appellate jurisdiction, notwithstanding the absence of a motion for new trial, if the requirements of § 25-1912 have been satisfied for appellate review of a final order, decision, or verdict in the trial court. See, *Caro, Inc. v. Roby*, 215 Neb. 897, 342 N.W.2d 182 (1983); *State v. Turner*, 221 Neb. 132, 375 N.W.2d 154 (1985).

In the present appeal, without a timely motion for new trial, the department had 30 days from September 14, 1988, to file its notice of appeal. § 25-1912(1). The department's notice of appeal, filed on November 9, 1988, was clearly filed beyond the 30-day limit for filing a notice of appeal. An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction, including a notice of appeal filed within the prescribed time. *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986).

Because the department failed to comply with the requirements of § 25-1912, this court has no jurisdiction, and, accordingly, the department's appeal is dismissed.

APPEAL DISMISSED.