#27548-a-JMK
**2016 S.D. 42**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MARGARET UPELL,                                         Plaintiff and Appellant,

       v.

DEWEY COUNTY COMMISSION,               Defendant and Appellee,

       and

MOREAU-GRAND ELECTRIC
COOPERATIVE, INC.,                           Intervenor and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
DEWEY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHELLE K. PALMER PERCY
Judge

* * * *

AL ARENDT
Pierre, South Dakota                             Attorney for plaintiff
                                                    and appellant.

STEVEN ABERLE
Dewey County State's Attorney
Timber Lake, South Dakota                         Attorney for defendant and
                                                        appellee.

JOHN W. BURKE
Thomas, Braun, Bernard & Burke, LLP
Rapid City, South Dakota                            Attorneys for intervenor and
                                                      appellee.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 21, 2016

OPINION FILED **05/18/16**

#27548

KERN, Justice

[¶1.]        The Dewey County Commission (the Commission) granted an

application to erect a power distribution line in a section line right-of-way bordering

Margaret Upell's property.  She appealed to the circuit court which dismissed her

appeal for lack of jurisdiction.  She now appeals to this Court.  We affirm.

## Facts and Procedural History

[¶2.]        Moreau-Grand Electric Cooperative, Inc. (Coop) filed an application

with the Commission in December 2014 to erect and maintain a distribution line in

a section line right-of-way.  The application was filed pursuant to SDCL 31-26-1,

which provides in pertinent part:

> The board of county commissioners, upon written
> application designating the particular highway the use of
> which is desired, may grant to any person engaged in the
> manufacture or sale of electric light and power . . . the
> right to erect and maintain poles and wires or to bury
> underground cable for the purpose of conducting
> electricity for lighting, heating, and power purposes,
> together with stay wires and braces . . . in and along any
> public highway in its county for a period not to exceed
> twenty years, subject to the conditions set forth in this
> chapter and such further reasonable regulations as the
> Legislature may hereafter prescribe.

[¶3.]        Upell owned property adjacent to the section line and objected to the

erection of the power line.  The Commission held a hearing on Coop's application in

March 2015.  All parties appeared, offered testimony, and presented arguments and

authorities.  At the close of the hearing, the Commission voted to approve Coop's

application.  The Commission published its minutes on March 18, 2015.  Upell filed

a notice of appeal of the Commission's decision with the circuit court on March 25,

2015.  Upell served her notice of appeal by mail on counsel for Coop and on the Dewey County State's Attorney.  But she did not serve a member of the board of county commissioners as required by SDCL 7-8-29, which provides in pertinent part:

> Such appeal shall be taken within twenty days after the publication of the decision of the board by serving a written notice *on one of the members of the board*, when the appeal is taken by any person aggrieved by the decision of the board[.]

(Emphasis added.)

[¶4.]     On June 29, 2015, Upell, the Commission, and Coop filed a stipulation agreeing to Coop's intervention in Upell's appeal.  The circuit court filed its order granting the intervention on that same date.  On July 6, 2015, Coop filed a motion to dismiss Upell's appeal for failure to serve the notice of appeal on a member of the board of county commissioners as required by SDCL 7-8-29.  The motion was heard on July 20 and the circuit court dismissed the appeal.  The order of dismissal was filed on July 30, 2015, and Upell appeals to this Court.

## Issue

[¶5.]     *Whether the circuit court erred in dismissing Upell's appeal.*

[¶6.]     Upell argues that the circuit court erred in granting the motion to dismiss her appeal.  Both parties cite the standard of review set forth in *AEG Processing Center. No. 58, Inc. v. S.D. Department of Revenue and Regulation,* 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d 843, 847 n.2.

> The "standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader entitled to

> judgment as a matter of law?" "We review issues
> regarding a court's jurisdiction as questions of law under
> the de novo standard of review." Furthermore, "statutory
> interpretation is a question of law, reviewed de novo."

*Id.* (citations omitted).

[¶7.] While this statement incorporates the correct standard, we clarify its reference to summary judgment. This language goes back to *Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762 (S.D. 1989). In that case, a Rule 12(b)(5)[1] motion to dismiss an action for failure to state a claim was converted to a motion for summary judgment. *Id.* at 764. Summary judgment was granted, and we reviewed the judgment according to summary judgment standards. Later, in reviewing the denial of a motion to dismiss for failure to state a claim in *Estate of Billings v. Deadwood Congregation of Jehovah Witnesses*, 506 N.W.2d 138, 140 (S.D. 1993), we cited *Jensen Ranch* for the proposition that "[o]ur standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?" Since *Estate of Billings*, this language has been routinely quoted as part of our standard of review for dismissals, even in cases such as *AEG* that did not involve motions for failure to state a claim or summary judgment. *See Risse v. Meeks*, 1998 S.D. 112, ¶¶ 6-10, 585 N.W.2d 875, 876 (motion to dismiss and dismissal for lack of subject matter jurisdiction); *O'Neill Farms, Inc. v. Reinert*, 2010 S.D. 25, ¶¶ 5-7, 780 N.W.2d 55, 57-58 (motion to dismiss and dismissal for lack of personal

---

1. SDCL 15-6-12(b)(5).

jurisdiction).[2] This confuses the standard of review when a dismissal is on jurisdictional grounds.

[¶8.] Further confusing the standard of review is the fact that motions to dismiss for lack of jurisdiction such as in *AEG* and the present case may take different forms and may be raised at various points in the proceedings.[3] As explained in one treatise:

> A motion to dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) is but one of many ways the defense may be presented. For example, in a significant number of cases, federal courts have permitted a defending party to raise a lack of subject matter jurisdiction on a Rule 12(c) motion for judgment on the pleadings or on a Rule 12(f) motion to strike. And, in keeping with the policy set forth in Rule 12(h)(3) of preserving the defense throughout the action, it has long been well-established that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party, either in the answer or in the form of a [Rule 12(h)(3)] suggestion to the court prior to final judgment. After final judgment a lack of subject matter jurisdiction may be interposed as a motion for relief from the judgment under Rule 60(b)(4).

---

2. *See also Samuelson v. Jorgenson*, 1999 S.D. 13, ¶¶ 4-6, 588 N.W.2d 598, 599 (denial of motion to dismiss for failure to timely serve summons and complaint); *Ramsey v. Mathisrud*, 1999 S.D. 121, ¶¶ 2-5, 599 N.W.2d 400, 401 (motion to dismiss and dismissal for expiration of the statute of limitations); *White Eagle v. City of Fort Pierre*, 2000 S.D. 34, ¶¶ 3-4, 606 N.W.2d 926, 927-28 (denial of motion to dismiss for improper service of process and expiration of the statute of limitations); *Bison Twp. v. Perkins Cty.*, 2002 S.D. 22, ¶¶ 5-7, 640 N.W.2d 503, 505 (motion to dismiss and dismissal for untimely service of a notice of appeal).

3. As this Court has often stated: "The issue of jurisdiction may be raised at any time[.]" *Sazama v. State ex rel. Muilenberg,* 2007 S.D. 17, ¶ 9, 729 N.W.2d 335, 340 (quoting *Wold Family Farms, Inc. v. Heartland Organic Foods, Inc.,* 2003 S.D. 45, ¶ 12, 661 N.W.2d 719, 723).

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2016) (footnotes omitted). Thus, for example, in *Vitek v. Bon Homme County Board of Commissioners*, 2002 S.D. 100, ¶ 6, 650 N.W.2d 513, 515, the motion to dismiss the appeal to circuit court was raised by a motion for judgment on the pleadings. Rather than setting forth the de novo standard of review for jurisdictional issues, however, we cited the standard of review for a judgment on the pleadings. *Id.* ¶ 7, 650 N.W.2d at 516.

[¶9.]     Because of this confusion, we take this opportunity to make clear that whatever the name of the motion or whatever the title of the court's disposition, we review a dismissal for lack of jurisdiction as a "question[] of law under the de novo standard of review." *AEG*, 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d at 847 n.2 (quoting *O'Neill Farms*, 2010 S.D. 25, ¶ 7, 780 N.W.2d at 57-58.[4] This is in keeping with the principle that "[w]e review issues of jurisdiction de novo because they are questions of law." *Tornow v. Sioux Falls Civil Serv. Bd.*, 2013 S.D. 20, ¶ 10, 827 N.W.2d 852, 855.[5] Further, when statutory interpretation is relevant to the inquiry, "statutory

---

4.     *See also In re Yankton Cty. Comm'n*, 2003 S.D. 109, ¶ 9, 670 N.W.2d 34, 37 ("Subject matter jurisdiction to conduct an appeal from a county commission decision presents a question of law."); *Risse*, 1998 S.D. 112, ¶ 10, 585 N.W.2d at 876 ("This Court reviews challenges to court jurisdiction de novo."); Wright & Miller, at § 1350 ("It is widely—indeed, universally—accepted . . . that courts of appeal, when reviewing Rule 12(b)(1) dismissals by district courts, for a lack of subject matter jurisdiction, exercise de novo review over legal conclusions.").

5.     *Accord Cable v. Union Cty. Bd. of Cty. Comm'rs*, 2009 S.D. 59, ¶ 19, 769 N.W.2d 817, 825; *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 8, 717 N.W.2d 624, 627; *State ex rel. LeCompte v. Keckler*, 2001 S.D. 68, ¶ 6, 628 N.W.2d 749, 752; *In*
continued . . .

interpretation is [also] a question of law, reviewed de novo." *AEG*, 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d at 847 n.2 (quoting *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 12, 816 N.W.2d 96, 101).[6] To this extent, therefore, the standard of review as set forth in *AEG* is correct. However, we caution against rote references to summary judgment as part of the standard. Not all summary judgment standards may apply to a motion to dismiss for lack of jurisdiction. *Compare* e.g. *Hutterville Hutterian Brethren, Inc. v. Waldner*, 2010 S.D. 86, ¶ 20, 791 N.W.2d 169, 175 (holding that in a Rule 12(b)(1) factual attack on a circuit court's subject matter jurisdiction "the court must . . . weigh the evidence and resolve disputed issues of fact affecting the merits of the jurisdictional dispute."), *with Foster-Naser v. Aurora Cty.*, 2016 S.D. 6, ¶ 11, 874 N.W.2d 505, 508 (noting that in ruling on a motion for summary judgment, the court must "resolve disputed facts in favor of the nonmoving party[.]" (quoting *Fisher v. Kahler*, 2002 S.D. 30, ¶ 5, 641 N.W.2d 122, 125)).

[¶10.] Having clarified the standard of review, we turn our analysis to Upell's claim of error in the dismissal of her appeal. Our analysis begins with *Schrank v. Pennington County Board of Commissioners,* 1998 S.D. 108, 584 N.W.2d 680. In *Schrank*, the county commission issued a conditional use permit to Alexander Drilling. Schrank appealed the commission's decision to the circuit court. *Id.* ¶ 2. Schrank served the notice of appeal on a county commissioner but not upon

---

. . . continued
> *re Estate of Galada*, 1999 S.D. 21, ¶ 8, 589 N.W.2d 221, 222-23; *Kroupa v. Kroupa*, 1998 S.D. 4, ¶ 10, 574 N.W.2d 208, 210.

6.     *Accord In re Yankton Cty. Comm'n*, 2003 S.D. 109, ¶ 9, 670 N.W.2d at 37; *Vitek*, 2002 S.D. 100, ¶ 8, 650 N.W.2d at 516.

Alexander. *Id.* ¶ 2, 584 N.W.2d at 681. As he was not served, Alexander moved to dismiss. *Id.* ¶ 3. The circuit court denied the motion and ultimately reversed the county's decision. *Id.* Both Alexander and the county appealed to this Court. *Id.* ¶ 4. Appellants argued that the circuit court did not have jurisdiction over the appeal because Alexander was not personally served with the notice of appeal. *Id.* ¶ 8. We disagreed. *Id.*

[¶11.]     Observing that the appeal was brought under SDCL 7-8-29, we accepted the appellants' premise that compliance with the statute authorizing the appeal was jurisdictional. *Id.* ¶¶ 10-11. We noted: *"[W]hen the statute authorizing [an] appeal requires a designated person to be made a party . . .* the failure to do so constitute[s] noncompliance with its terms and thus involve[s] subject matter jurisdiction." *Id.* ¶ 10. (quoting *Fong v. Planning & Zoning Bd. of Appeals*, 563 A.2d 293, 298 (Conn. 1989)). We concluded that there was no lack of subject matter jurisdiction because the requirements for service under SDCL 7-8-29 were strictly followed; "Schrank was not statutorily required to serve notice on Alexander," and service was made on one of the members of the board. *Id.* ¶ 9. Accordingly, we affirmed the circuit court's denial of the motion to dismiss the appeal.

[¶12.]     Here, in contrast with *Schrank*, SDCL 7-8-29's requirement of service on "one of the members of the board" was *not* fulfilled, and the statute was *not* strictly followed. Therefore, this case presents the jurisdictional defect that was not present in *Schrank*. Because there was no subject matter jurisdiction the circuit court properly dismissed the appeal under *Schrank*.

[¶13.] Upell cites *Bison Township* for a contrary result. In *Bison Township*, twelve townships appealed a county decision to circuit court. 2002 S.D. 22, ¶ 1, 640 N.W.2d at 504. However, the circuit court clerk received the townships' notice of appeal a day late. *Id.* ¶ 6, 640 N.W.2d at 505. Therefore, the circuit court granted the county's motion to dismiss the appeal as untimely under SDCL 7-8-29. *Id.* On appeal to this Court, the townships argued that, under SDCL 15-6-5(b)[7] service by mail was complete upon mailing, therefore the appeal was timely because the notice of appeal was *mailed* within the appeal time. *Id.* ¶ 10, 640 N.W.2d at 506. This Court agreed, holding that under SDCL 15-6-5(a)[8] service of the notice of appeal fell within SDCL chapter 15-6 and, "therefore [could] be deemed complete upon mailing." *Id.* ¶ 12.[9]

---

7. SDCL 15-6-5(b) provides in pertinent part: "Service by mail shall be by first class mail and is complete upon mailing."

8. SDCL 15-6-5(a) provides in pertinent part:

> Except as otherwise provided in this chapter, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer or judgment, and similar paper shall be served upon each of the parties.

9. As part of the decision in *Bison Township*, this Court also rejected the county's contention that SDCL 15-6-4(d)(4)(i) required personal service of the notice of appeal on a commissioner. The Court rejected application of this statute, which has since been re-numbered as SDCL 15-6-4(d)(2)(i), because it applied to service of a summons. Instead, the Court applied SDCL 15-6-5 because it more generally applied to "the service and filing of pleadings and other papers." *See Bison Twp.*, 2002 S.D. 22, ¶ 12, 640 N.W.2d at 506.

continued . . .

[¶14.] Upell argues that SDCL 15-6-5(b),[10] which permits service on a party's attorney, applies here and therefore her appeal was perfected by her service on the commissioners' attorney (i.e., the state's attorney). We disagree. Although we recognized that "SDCL chapter 15-6 governs the rules of procedure in circuit courts[,]" *Bison Township,* 2002 S.D. 22, ¶ 12, 640 N.W.2d at 506, it is "with the exceptions stated in § 15-6-81." SDCL 15-6-1. SDCL 15-6-81(c) provides: "This chapter [15-6] does not supersede the provisions of statutes relating to appeals to the circuit courts." Thus, to the extent the rules of procedure conflict with the statutes relating to appeals to the circuit courts, the statutes must prevail.[11] SDCL 7-8-29 specifically requires service of a notice of appeal of a county decision on "one of the members of the board" of county commissioners. Upell did not comply with this requirement and, as a result, violated the jurisdictional prerequisite for her appeal.

---

. . . continued

10. SDCL 15-6-5(b) provides in pertinent part: "Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

11. We recently reiterated a similar principle in *Lake Hendricks Improvement Ass'n v. Brookings County Planning & Zoning Commission*, holding that the rules of civil procedure are applicable in this Court, but "only to the extent that 'a specific statute or rule [does not direct] otherwise.'" 2016 S.D. 17, ¶ 7, 877 N.W.2d 99, 103 (alteration in original) (quoting *Ripple v. Wold*, 1997 S.D. 135, ¶ 10, 572 N.W.2d 439, 441-42). This is consistent with the principle that "terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Vitek*, 2002 S.D. 100, ¶ 11, 650 N.W.2d at 517 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17).

[¶15.]	This conclusion is reinforced by our decision in *Vitek*. As noted above, in *Vitek*, we reviewed a circuit court's dismissal of an appeal from a decision of a board of county commissioners. 2002 S.D. 100, ¶ 6, 650 N.W.2d at 515. The dismissal was based upon the appellant's failure to personally serve the notice of appeal on a member of the board of county commissioners. The appellee argued that personal service was necessary under SDCL 7-8-29 and SDCL 15-6-4(d)(4)(i),[12] which required personal service of a summons on a county commissioner. *Id.* ¶ 13, 650 N.W.2d at 517. We held that SDCL 7-8-29 does not require personal service of a notice of appeal on a county commissioner and that service by mail is sufficient. *Id.* ¶14. In reaching this conclusion we relied on *Bison Township* and the provisions of SDCL 15-6-5. But we cautioned that:

> [T]his type of appeal falls somewhere between an administrative appeal and an appeal to this Court. An appeal from a county commission decision is not covered by chapter 1-26, which refers to administrative appeals, because the term "agency" does not include "any unit of local government." *See* SDCL 1-26-1. *Neither, however, is it completely covered by chapter 15-6*, which refers to civil appeals generally.

*Vitek*, 2002 S.D. 100, ¶ 11, 650 N.W.2d at 517 (emphasis added). Thus, the Court recognized that, as in *Bison Township,* it may be appropriate to consult SDCL chapter 15-6 to clarify the method of service of a notice of appeal of a county commission decision. *Id.* (noting that while "chapter 7-8 controls the procedure for appealing a county commission decision as far as it goes, . . . in determining the proper method of service, it is necessary to look elsewhere."). It also noted,

---

12.	Re-numbered as SDCL 15-6-4(d)(2)(i). *See* 2005 S.D. Sess. Laws ch. 287.

however, that SDCL 7-8-27 and SDCL 7-8-29 "direct when and to whom service is [to be] made[.]" *Id.* ¶ 10.

[¶16.] Here, service was not made "on one of the members of the board" of county commissioners as directed by SDCL 7-8-29. Therefore, the circuit court correctly dismissed the appeal under *Schrank*, 1998 S.D. 680, ¶ 10, 584 N.W.2d at 681.

[¶17.] Yet Upell argues that her notice of appeal was adequate to fulfill due process considerations and dismissal of her appeal was not required. This ignores *Schrank's* requirement of strict compliance with the service provisions of SDCL 7-8-29 and its recognition that lack of strict compliance deprives the circuit court of subject matter jurisdiction. *See Schrank*, 1998 S.D. 680, ¶ 10, 584 N.W.2d at 681. Absent jurisdiction, no other course remained for the court but to dismiss the appeal. *See Woods v. Unified Gov't of WYCO/KCK*, 275 P.3d 46, 51 (Kan. 2012) (holding "the district court had no other choice but to dismiss the untimely-filed appeal."); *In re Int. of B.M.H.*, 446 N.W.2d 222, 224 (Neb. 1989) (noting in dismissing an appeal that "[a]n appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction, including a notice of appeal filed within the prescribed time.").

[¶18.] Upell also argues that she "substantially complied" with the notice requirements of SDCL 15-6-5 and, therefore, service of her notice of appeal was adequate under *Wagner v. Truesdell*, 1998 S.D. 9, 574 N.W.2d 627. As already discussed, however, SDCL 15-6-5 is not the operative rule as to who must be served with a notice of appeal from a decision of a county commission. That is controlled

by SDCL 7-8-29. *Vitek*, 2002 S.D. 100, ¶ 10, 650 N.W.2d at 517. Upell did not comply with SDCL 7-8-29.

[¶19.] Further, *Wagner* was an unusual case involving service of a summons and complaint on an unadjudicated incompetent living in his home, under the temporary care of a friend. *Wagner*, 1998 S.D. 9, ¶ 3, N.W.2d at 628. Applying the doctrine of substantial compliance, this Court held that, under those circumstances, personal service on the temporary caretaker was adequate to commence the action. *Id.* ¶ 11, 574 N.W.2d at 630. *Wagner*, however, has repeatedly been distinguished by this Court on its facts.[13] Moreover, this Court has specifically held, in the context of reviewing a dismissal of an appeal to circuit court that, "the doctrine of substantial compliance cannot be substituted for jurisdictional prerequisites." *AEG*, 2013 S.D. 75, ¶ 23, 838 N.W.2d at 850.

---

13.  *See e.g. White Eagle*, 2000 S.D. 34, ¶¶ 13-14, 606 N.W.2d at 929-30 (distinguishing *Wagner* and declining to apply the substantial compliance doctrine in assessing the sufficiency of service of process to commence a civil action against a municipality); *Lekanidis v. Bendetti*, 2000 S.D. 86, ¶¶ 21-23, 613 N.W.2d 542, 546-47 (declining to apply the substantial compliance doctrine to the requirements for substituted service of process on a nonresident motorist); *Spade v. Branum*, 2002 S.D. 43, ¶ 9, 643 N.W.2d 765, 768 (distinguishing *Wagner* and declining to apply the substantial compliance doctrine to the requirements for service by publication); *Edsill v. Schultz*, 2002 S.D. 44, ¶¶ 9-11, 643 N.W.2d 760, 763-64 (distinguishing *Wagner* and declining to apply the substantial compliance doctrine to the requirements for substituted service of process by a sheriff); *R.B.O. v. Priests of the Sacred Heart*, 2011 S.D. 86, ¶¶ 13-17, 807 N.W.2d 808, 811-13 (distinguishing *Wagner* and declining to apply the substantial compliance doctrine to uphold personal service of process on a business entity).

[¶20.] Upell failed to comply with the jurisdictional prerequisites for her appeal as defined by *Schrank*. We decline to apply the doctrine of substantial compliance and affirm the court's dismissal of Upell's appeal.

[¶21.] Affirmed.

[¶22.] GILBERTSON, Chief Justice and ZINTER, SEVERSON, and WILBUR, Justices, concur.