#26597-a-JKK

**2013 S.D. 75**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

AEG PROCESSING CENTER NO. 58, Inc.,        Appellant,

    v.

SOUTH DAKOTA DEPARTMENT
OF REVENUE AND REGULATION,        Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA
* * * *

THE HONORABLE MARK BARNETT
Judge

* * * *

MICHAEL D. BORNITZ
JOSEPH M. DYLLA of
Cutler & Donahoe, LLP
Sioux Falls, South Dakota

    and

JEFFREY A. SILVER of
AEG Processing Center No. 58, Inc.
Omaha, Nebraska

                            Attorneys for appellant.


ROSA YAEGER of
South Dakota Department
 of Revenue and Regulation
Pierre, South Dakota                       Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2013

OPINION FILED **10/16/13**

#26597

KONENKAMP, Justice

[¶1.]      We review a circuit court's dismissal of tax assessment appeal for lack of jurisdiction under SDCL 10-59-9 and SDCL 1-26-31.

## Background

[¶2.]      On September 10, 2010, the South Dakota Department of Revenue and Regulation issued AEG Processing Center No. 58, Inc. a jeopardy assessment alleging unpaid sales tax, a penalty, and interest due for the reporting period of September 2007 through June 2010. AEG requested an administrative appeal under SDCL 10-59-9, and the parties submitted the matter to a hearing examiner on stipulated facts.

[¶3.]      On September 5, 2012, the hearing examiner entered findings of fact, conclusions of law, and a proposed decision finding AEG liable for a jeopardy assessment of $84,618.12. The Secretary of Revenue adopted the proposed decision. AEG was served with notice of entry of final decision on September 17, 2012.

[¶4.]      AEG appealed the Secretary's final decision to the Sixth Judicial Circuit on October 12, 2012. SDCL 1-26-31. The notice of appeal was filed on October 15, 2012. AEG did not file a bond or pay the amounts affirmed by the Secretary before commencing the appeal or within the thirty-day window for filing an appeal. AEG posted a bond in the amount of the assessment on October 26, 2012, but it admits that the bond was filed after the notice of appeal and outside the thirty-day window for filing a notice of appeal.

[¶5.]      On October 12, 2012, the same day AEG appealed the Secretary's final decision, AEG contacted the Department to discuss stipulating to remand the case

-1-

to the office of hearing examiners to take additional evidence under SDCL 1-26-34.[1]

The Department indicated it would consider the request. On October 22, 2012, AEG

again contacted the Department, but the Department indicated that it would not

stipulate to a remand. The next day, the Department informed AEG that it would

be filing a motion to dismiss under SDCL 10-59-9.

[¶6.] The Department moved to dismiss for lack of appellate jurisdiction

arguing that AEG's failure to pay the amounts affirmed by the Secretary or file a

bond before commencing its judicial appeal violated the condition precedent

required by SDCL 10-59-9, and therefore, resulted in the failure to preserve

jurisdiction in the circuit court. Agreeing, the circuit court dismissed.

[¶7.] On appeal, we address the following three issues: (1) whether AEG's

failure either to pay the amounts affirmed by the Secretary or obtain an appeal

bond required by SDCL 10-59-9, within the thirty-day time period for filing its

appeal set out in SDCL 1-26-31 is jurisdictionally fatal to its appeal; (2) whether

AEG substantially complied with SDCL 10-59-9 when it posted its bond nine days

after the expiration of the thirty-day time period for filing its appeal; and (3)

whether the doctrine of equitable tolling should apply to the ten-day time frame

---

1.     The Department disputes that it discussed stipulating to remand on October
       12, but rather the discussion first occurred after October 17. But the circuit
       court found that AEG and the Department discussed stipulating to remand
       on October 12. "The trial court's findings of fact are presumed correct and we
       defer to those findings unless the evidence clearly preponderates against
       them." *Parsley v. Parsley*, 2007 S.D. 58, ¶ 15, 734 N.W.2d 813, 817 (citations
       omitted). Because the Department advances no showing of clear error, we
       defer to the circuit court's findings of fact.

when AEG was awaiting the Department's reply on whether it would stipulate to a remand.[2]

## Analysis and Decision

### 1. Failure to pay ordered amount or file bond.

[¶8.]     In administrative appeals, a circuit court's appellate jurisdiction depends on compliance with statutory conditions precedent. *Schreifels v. Kottke Trucking*, 2001 S.D. 90, ¶ 9, 631 N.W.2d 186, 188 (quoting *Claggett v. Dep't of Revenue, State of S.D.*, 464 N.W.2d 212, 214 (S.D. 1990)).  A failure to comply with such conditions precedent deprives the circuit court of appellate jurisdiction. *Id.* (citing *Claggett*, 464 N.W.2d at 214).

[¶9.]     When the Secretary accepts the hearing examiner's proposed decision, an appeal must be taken within thirty days from notice of the Secretary's final decision.  SDCL 10-59-9;[3]  SDCL 1-26-31.[4]  Further, the appeal cannot be taken

---

2.     The "standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?" *O'Neill Farms, Inc. v. Reinert*, 2010 S.D. 25, ¶ 7, 780 N.W.2d 55, 57-58 (citations omitted).  "We review issues regarding a court's jurisdiction as questions of law under the de novo standard of review." *Id.* (citations omitted).  Furthermore, "statutory interpretation is a question of law, reviewed de novo." *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 12, 816 N.W.2d 96, 101 (citations omitted).  Where the circuit court has denied equitable tolling as a matter of law and the facts are undisputed, the decision is reviewed de novo. *Dakota Truck Underwriters v. S.D. Subsequent Injury Fund*, 2004 S.D. 120, ¶ 16, 689 N.W.2d 196, 201 (citing Rouse v. Lee, 339 F.3d 238, 247 (4th Cir. 2003)).

3.     SDCL 10-59-9 states in relevant part:

> [A]ppeals [are] taken pursuant to the provisions of chapters 1-26 and 1-26D . . . .  If the secretary, pursuant to chapter 1-26D, accepts the final decision of the hearing examiner, no appeal from a final decision of the secretary upon an assessment may

(continued . . . )

unless the amount ordered to be paid by the Secretary is either paid or a bond is filed to insure payment of the ordered amount. SDCL 10-59-9.

[¶10.] We addressed the condition precedent in SDCL 10-59-9 under similar facts in *Claggett*. There, the taxpayer appealed the Department's decision to the circuit court within thirty days of the Department's notice of final decision. 464 N.W.2d at 213. But the taxpayer failed to pay the amount assessed or post a bond. More than seventy days after the Department's final decision, the taxpayer paid the tax deficiency. The Department moved to dismiss, but the circuit court denied the motion. We reversed and held that "the circuit court's failure to dismiss [the taxpayer's] appeal for lack of compliance with SDCL 10-59-9 was error." *Id.* at 214. We wrote that "only the payment of the tax or the posting of a bond prior to commencing judicial appeal within the thirty-day window after the Department's notice of final decision as provided in SDCL 1-26-31 could have preserved the appellate jurisdiction of the circuit court." *Id.*

[¶11.] AEG acted similarly to the taxpayer in *Claggett*. AEG did not pay the amount assessed nor did it post a bond before commencing its appeal as required by SDCL 10-59-9. Although AEG, like the taxpayer in *Claggett*, remedied its failure to pay, its failure to do so within the thirty-day window is fatal to its appeal.

---

( . . . continued)

     be taken unless any amount ordered paid by the secretary is paid or a bond filed to insure payment of such amount.

4.    SDCL 1-26-31 states in relevant part: "An appeal shall be taken . . . within thirty days after the agency served notice of the final decision . . . ."

[¶12.]    Further, the Legislature has not changed the condition precedent language of SDCL 10-59-9 since *Claggett* was decided in 1990. "We presume the Legislature acts with knowledge of our judicial decisions." *Sanford v. Sanford*, 2005 S.D. 34, ¶ 19, 694 N.W.2d 283, 289 (citation omitted). In fact, on three separate occasions since *Claggett*, the Legislature has made other amendments to SDCL 10-59-9 without addressing this condition precedent. *See* 1992 S.D. Sess. Laws 161 (allowing amended statement of facts and errors of law to be made prior to the hearing and mandating additional service requirements); 2001 S.D. Sess. Laws 112-13 (adding requirement that Secretary must accept hearing examiner's decision before payment of assessment or bond is required and adding that no payment of assessment or bond is required if Secretary rejects or modifies hearing examiner's decision); 2008 S.D. Sess. Laws 192 (changing the amount of time a taxpayer has to file a request for hearing in response to an assessment from thirty days to sixty days). Adherence to the condition precedent language in SDCL 10-59-9 suggests that the Legislature agrees with our interpretation. And *Claggett* has never been overruled. Therefore, *Claggett* and its interpretation of SDCL 10-59-9 remain solid precedent.

[¶13.]    AEG notes that while a failure to timely file a notice of appeal is jurisdictionally fatal, it argues that the lesser omission of failing to file a bond within the statutory period does not deprive the court of appellate jurisdiction. AEG primarily relies on *Vitek v. Bon Homme County Board of Commissioners*, 2002 S.D. 100, 650 N.W.2d 513, and *Bison Township v. Perkins County*, 2002 S.D. 22, 640 N.W.2d 503, to advance this argument. These cases are not helpful to AEG.

[¶14.]    In *Vitek*, the taxpayer timely appealed to the circuit court when the County Board granted a variance for a hog confinement facility. 2002 S.D. 100, ¶ 2, 650 N.W.2d at 514-15. But the taxpayer did not file the requisite $250 cash bond within the twenty-day window for serving a notice of appeal. *Id.* ¶ 5. In interpreting SDCL 7-8-29,[5] we reasoned that the "; and" separating the two clauses indicated that the clauses should be read in the disjunctive. *Id.* ¶¶ 17-18. "Accordingly, the construction of the statute indicates the Legislature's intent to apply the [twenty]-day time limit only to the service of a notice of appeal." *Id.* ¶ 18. Therefore, the circuit court retained jurisdiction.

[¶15.]    In *Bison Township*, an appeal was taken to the circuit court in response to the County's property tax assessments. 2002 S.D. 22, ¶¶ 3-4, 640 N.W.2d at 504-05. Just as in *Vitek*, the $250 cash bond was not filed as required by SDCL 7-8-29 within the twenty-day time limit for serving a notice of appeal. *Id.* ¶¶ 4-6. We held that the failure to file the bond within the statutory period did not deprive the court of jurisdiction. *Id.* ¶ 13.

[¶16.]    In *Vitek,* we distinguished the *Claggett* ruling from both *Vitek* and *Bison Township*. We wrote,

> *Claggett*, however, differs markedly from both *Bison Township* and the case at bar for one very important reason: *Claggett* dealt with SDCL 10-59-9, which specifically prohibits the initiation of

---

5.    SDCL 7-8-29 states in relevant part:

> Such appeal shall be taken within twenty days after the publication of the decision of the board . . . *; and* the county auditor shall upon the filing of the required bond and the payment of his fees . . . make out a complete transcript of the proceedings of the board relating to the matter of its decision and deliver the same to the clerk of courts. (Emphasis added.)

> an appeal without payment of the tax assessment or [posting] of a bond. Clearly, no such statute was at issue in *Bison Township*. Nor is one at issue here. Thus, *Claggett* is not determinative of the outcome in this case.

*Vitek*, 2002 S.D. 100, ¶ 21, 650 N.W.2d at 519. AEG argues that the rationale distinguishing the cases is a distinction without a difference. Yet the cases AEG cites do not address appeals from state agencies involving both SDCL 10-59-9 and SDCL 1-26-31, but rather address appeals from counties, which are governed by a different chapter within our statutes.[6] While failing to file a bond is not always jurisdictionally fatal, the only time we have considered SDCL 10-59-9 and SDCL 1-26-31 we determined that failure to pay the tax assessment or file a bond within the thirty-day window for appeal is jurisdictionally fatal.

[¶17.] AEG also contends that SDCL 10-59-9 is ambiguous on when the payment or bond should be filed (i.e. whether at the time of filing, before filing, or any time before the thirty days to file expires) and therefore the late payment should not be jurisdictionally fatal to its appeal. "We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." *State v. Litschewski*, 2011 S.D. 88, ¶ 5, 807 N.W.2d 230, 232 (citations omitted). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed." *Vitek*, 2002 S.D. 100, ¶ 8, 650 N.W.2d at 516 (citations omitted).

---

6. "An appeal from a county commission decision is not covered by chapter 1-26, which refers to administrative appeals, because the term 'agency' does not include 'any unit of local government.'" *Vitek*, 2002 S.D. 100, ¶ 11, 650 N.W.2d at 517 (citing SDCL 1-26-1).

[¶18.]    The statutes at issue here are not ambiguous.  An analysis of the plain language shows that "[a]n appeal shall be taken by serving a copy of a notice of appeal . . . within thirty days after the agency served notice of the final decision[.]"  SDCL 1-26-31.  In addition, "no appeal . . . may be taken unless any amount ordered paid by the secretary is paid or a bond filed to insure payment of such amount."  SDCL 10-59-9.  This language clearly specifies that to take an appeal, a party must pay the tax assessment (or post a bond) and serve notice of appeal within thirty days of service of the agency's final decision.  *See* SDCL 10-59-9 and SDCL 1-26-31.  When the language is clear, our "only function is to declare the meaning of the statute as clearly expressed."  *Vitek*, 2002 S.D. 100, ¶ 8, 650 N.W.2d at 516 (citations omitted).

[¶19.]    AEG further argues SDCL 10-59-9 is ambiguous because there are other bond requirement statutes in the code that more clearly articulate when a bond is to be posted.[7]  "When the question is which of two enactments the Legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute."  *Vitek*, 2002 S.D. 100, ¶ 11, 650 N.W.2d at 517 (citation omitted).  "[C]ourts have no legislative authority, and should avoid judicial legislation, a usurpation of legislative powers, or any entry into the legislative field."  *Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 884 (S.D. 1984).

---

7.    SDCL 15-26A-6 and SDCL 15-26A-23 (requiring that the bond be filed within the same time limit as the notice of appeal).  SDCL 10-50-50 (requiring the bond and notice of appeal be filed together).

[¶20.] The terms of SDCL 10-59-9 apply to a list of several different taxes levied by the Department. *See* SDCL 10-59-1. The statutes AEG relies on in arguing an ambiguity are not subject to SDCL 10-59-9, but rather are subject to separate statutory bond filing requirements. The Legislature has its own purposes for using different language in SDCL 10-59-9. Circumventing this language would equate to judicial legislation. Thus, we conclude that AEG's failure to timely post its bond in accordance with SDCL 10-59-9 and SDCL 1-26-31 is fatal to its appeal.

## 2. Substantial compliance with SDCL 10-59-9.

[¶21.] Substantial compliance with a statute denotes

> actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Larson v. Hazeltine*, 1996 S.D. 100, ¶ 19, 552 N.W.2d 830, 835 (citation omitted).

[¶22.] AEG asserts that the intent of SDCL 10-59-9 is to insure payment of the tax assessment and because it posted its bond before any decision was made on the merits of the case, it substantially complied with SDCL 10-59-9. But this does not fulfill "every reasonable objective of the statute." *Id.* The clear language of the statute shows intent not only to insure payment, but also to insure payment within the thirty-day window for filing a notice of appeal. AEG failed to comply with the reasonable objective of ensuring payment within the thirty-day window, and as a result, failed to substantially comply with SDCL 10-59-9.

[¶23.]        While we recognize the preference for determining a case on the merits, we are bound to apply the legislative mandate.  And the doctrine of substantial compliance cannot be substituted for jurisdictional prerequisites.  Were it otherwise, substantial compliance could be used to rewrite any statute that places a premium on timeliness, such as statutes of limitation and time limits for filing notices of appeal.

### 3.  Equitable tolling while awaiting the Department's response.

[¶24.]        Equitable tolling allows a party to proceed after a limitations period has expired when inequitable circumstances prevented the party from timely proceeding.  *Anson v. Star Brite Inn Motel*, 2010 S.D. 73, ¶ 15, 788 N.W.2d 822, 826 (citations omitted).  Equitable tolling is generally applied in circumstances that are "truly beyond the control" of a party and "should be applied where a party acts diligently, only to [be] caught up in an arcane procedural snare."  *Dakota Truck*, 2004 S.D. 120, ¶ 20, 689 N.W.2d at 202 (internal citations omitted).  Thus, "imprudent legal practice is not reasonable conduct and would not invoke equitable tolling."  *Id.* ¶ 23 (citations omitted).  AEG must show "(a) timely notice, (b) lack of prejudice to the [Department], and (c) [its] reasonable and good-faith conduct . . . ."  *Star Brite*, 2010 S.D. 73, ¶ 17, 788 N.W.2d at 826 (citations omitted).

[¶25.]        AEG urges this Court to recognize an equitable tolling of the time for posting bond from October 12 to October 22, 2012, the period the parties were considering stipulating to remand the matter for taking additional evidence.  AEG timely filed its notice of appeal and has shown it acted in good faith throughout the litigation.  Further, the Department has failed to show any prejudice as a result of

AEG's failure to file the bond within the thirty-day window. Yet AEG has not acted reasonably.

[¶26.]    While waiting for the Department's reply in regard to the stipulation to remand, AEG filed its appeal but failed to post a bond or pay the tax assessment. The fact that AEG filed its notice of appeal makes clear that AEG knew it had jurisdictional requirements to meet. Further, AEG had exclusive control over filing the bond and its failure to do so until after the expiration of the time for appeal was not "truly beyond [its] control." *Dakota Truck*, 2004 S.D. 120, ¶ 20, 689 N.W.2d at 202. In addition, nothing in the records suggests that the Department misled AEG or otherwise fostered the mistake. Therefore, the time for AEG to post its bond cannot be equitably tolled.

[¶27.]    Affirmed.

[¶28.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.