#30000-a-PJD
**2023 S.D. 11**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ABDIRAHMAN YUNIS HUSSEIN,          Claimant and Appellant,

    v.

SHOWPLACE WOOD PRODUCTS INC.,     Employer and Appellee,

    and

DAKOTA TRUCK UNDERWRITERS,       Insurer and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE SANDRA H. HANSON
Judge

\* \* \* \*

STEVEN G. HAUGAARD
Sioux Falls, South Dakota         Attorney for claimant
                          and appellant.

CHARLES A. LARSON
NICHOLAS M. RAMOS of
Boyce Law Firm, LLP
Sioux Falls, South Dakota         Attorneys for employer and
                          insurer appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
FEBRUARY 15, 2023
OPINION FILED **03/01/23**

DEVANEY, Justice

[¶1.]     In this workers' compensation case, an administrative law judge granted the employer and insurer summary judgment against the employee's petition claiming entitlement to workers' compensation benefits.  The employee appealed the decision to the circuit court; however, because the employee did not serve the notice of appeal on the Department of Labor, the court dismissed the appeal for lack of subject matter jurisdiction.  The employee appeals, and we affirm.

**Factual and Procedural Background**

[¶2.]     On September 24, 2018, Abdirahman Hussein suffered a work-related injury at Showplace Wood Products (Employer) when chemical solvent came into contact with his eyes while he was cleaning the hoses for a pressurized sprayer.  After the incident, Employer and its insurer, Dakota Truck Underwriters (Insurer), deemed his injury compensable and paid Hussein workers' compensation benefits.  However, in June 2020, Employer/Insurer issued Hussein a letter denying further benefits because a doctor opined that he did not require additional treatment for his work-related injury.

[¶3.]     On September 25, 2020, Hussein petitioned the Department of Labor (Department) for a hearing on his claim that he is entitled to additional workers' compensation benefits.  He asserted that his work injury was and continues to be a major contributing cause of his need for treatment and further asserted that his injury was caused by Employer's failure to follow state laws, OSHA guidelines, and the safety recommendations for the products used.  The administrative law judge (ALJ) entered a scheduling order requiring Hussein to disclose and identify his

experts by July 21, 2021. Hussein did not disclose experts by this date, and as a result, Employer/Insurer moved for summary judgment, asserting that without an expert witness, Hussein could not prove that his work injury was a major contributing cause of his current claimed condition. In response, Hussein submitted multiple affidavits from physicians, along with attached medical records, and asserted that these submissions establish a material issue of fact in dispute precluding summary judgment.

[¶4.]       On November 1, 2021, the ALJ issued an amended letter decision, granting Employer/Insurer summary judgment. The ALJ determined that no genuine issue of material fact existed because "without a medical expert to testify regarding the relationship between the medical evidence and his physical state, Hussein cannot prove that the work-injury is a major contributing cause of his current condition." The ALJ further determined that Hussein's claim that Employer's conduct caused the injury was not relevant to the question of causation relating to his current condition and thus did not create a genuine issue of material fact in dispute precluding summary judgment.

[¶5.]       On November 15, 2021, counsel for Hussein submitted a letter by email designated as a "formal request for an Appeal Hearing" to the ALJ and counsel for Employer/Insurer. Hussein attached to the email: (1) a completed form for a request for an appeal to the Reemployment Assistance Division; (2) a document titled "Request for an appeal hearing on the amended letter decision on motion for summary judgment"; and (3) a letter from Hussein's counsel addressed to the Division of Labor and Management formally requesting an appeal hearing. The

ALJ replied to counsel for both parties, indicating that the appeal request form was only for the Reemployment Assistance Division and that counsel could appeal the workers' compensation decision in one of two ways: directly to the circuit court within 30 days after the decision; or through a request for a Department of Labor review within 10 days after the decision.[1] The ALJ concluded the email by stating that if counsel intended the "appeal request form to act as a request for [Department] review," the ALJ would "forward the matter to the appropriate recipients[,]" but if Department review was not the request, then counsel "will need to appeal directly to the circuit court."

[¶6.] In a responsive email, counsel for Hussein indicated that he "would rather request [Department] review[.]" However, he asked whether such review would be possible given that his initial email and documents were sent more than ten days after the ALJ's workers' compensation decision. The ALJ replied, "As it has been longer than ten days, the petition for review would not be timely."

[¶7.] On December 1, 2021, Hussein filed a notice of appeal in circuit court, seeking to challenge the ALJ's workers' compensation decision. As part of his notice of appeal, Hussein included a statement of issues and attached approximately 200 pages of documents from the underlying workers' compensation record. Hussein's certificate of service indicates that the notice of appeal and statement of issues were served on counsel for Employer/Insurer on November 30, 2021.

---

1. SDCL 62-7-16 provides in relevant part that "[a]ny party to proceedings before the department may within ten days after service upon the party of a decision of the department, as provided in § 62-7-13, file with the department a petition for a review of the decision."

[¶8.] On December 17, 2021, Employer/Insurer moved to dismiss Hussein's appeal for lack of subject matter jurisdiction based on Hussein's failure to serve the notice of appeal on the Department. At the conclusion of a hearing on March 14, 2022, the circuit court orally granted Employer/Insurer's motion to dismiss, concluding that the failure to serve the notice of appeal on the Department deprived the court of jurisdiction to consider Hussein's appeal.

[¶9.] On March 23, 2022, Hussein filed a motion for reconsideration, asserting that additional evidence would show that the notice of appeal was properly provided to the Department. In his brief in support of his motion, Hussein attached the November 2021 email exchange with the ALJ regarding his desire to appeal the ALJ's amended letter decision. After a hearing on May 9, 2022, the circuit court issued an order denying Hussein's motion to reconsider. It considered counsel's arguments and submissions and determined that Hussein failed to perfect his appeal because he did not serve the notice of appeal on the Department. The court issued a written order granting Employer/Insurer's motion to dismiss Hussein's appeal on May 10, 2022.

[¶10.] Hussein appeals to this Court, asserting that the circuit court erred in dismissing his administrative appeal for lack of subject matter jurisdiction.

**Standard of Review**

[¶11.] As the Court recently stated,

> We review a circuit court's dismissal for lack of appellate jurisdiction as a "question of law under the de novo standard of review." *Upell v. Dewey Cnty. Comm'n*, 2016 S.D. 42, ¶ 9, 880 N.W.2d 69, 72 (quoting *AEG Processing Ctr. No. 58, Inc. v. S.D. Dep't of Revenue and Reg.*, 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d 843, 847 n.2). *See also Watertown Co-op Elevator Ass'n v. S.D.*

> *Dep't of Revenue*, 2001 S.D. 56, ¶ 7, 627 N.W.2d 167, 170
> (holding that a decision to dismiss an administrative appeal to
> circuit court is reviewed de novo). "Further, when statutory
> interpretation is relevant to the inquiry, 'statutory
> interpretation is also a question of law, reviewed de novo.'"
> *Upell*, 2016 S.D. 42, ¶ 9, 880 N.W.2d at 72 (quoting *AEG*, 2013
> S.D. 75, ¶ 7 n.2, 838 N.W.2d at 847 n.2).

*Abdulrazzak v. Bd. of Pardons and Paroles*, 2020 S.D. 10, ¶ 9, 940 N.W.2d 672, 675.

## Analysis and Decision

[¶12.]     Under SDCL 1-26-31,

> An appeal shall be taken by *serving a copy of a notice of appeal
> upon the adverse party, upon the agency, and upon the hearing
> examine*r, if any, who rendered the decision, and by filing the
> original with proof of such service in the office of the clerk of
> courts of the county in which the venue of the appeal is set,
> within thirty days after the agency served notice of the final
> decision or, if a rehearing is authorized by law and is requested,
> within thirty days after notice has been served of the decision
> thereon. Failure to serve notice of the appeal upon the hearing
> examiner does not constitute a jurisdictional bar to the appeal.

(Emphasis added.) This Court has made clear that this statute "provides the basis

for the circuit court to exercise jurisdiction[,]" *Schreifels v. Kottke Trucking*, 2001

S.D. 90, ¶ 7, 631 N.W.2d 186, 188 (citation omitted), and that complying with its

requirements "is essential to a circuit court's appellate jurisdiction[,]" *Abdulrazzak*,

2020 S.D. 10, ¶ 11, 940 N.W.2d at 675.

[¶13.]     Here, Hussein timely filed his appeal in circuit court from the ALJ's

amended decision and timely served the notice of appeal on Employer/Insurer.

However, he failed to serve the notice of appeal on the Department within 30 days

after the ALJ's decision. In *Stark v. Munce Brothers Transfer & Storage*, this Court

held that such failure is a jurisdictional error and requires dismissal of the appeal.

461 N.W.2d 587, 588–89 (S.D. 1990). In so concluding, we rejected the employee's

argument that the failure to serve the Department could be excused because "the agency is not a party to the appeal and only performs administrative functions." *Id.* at 588. The Court noted that "the notice of appeal to the Department of Labor does more than order the completion of administrative functions"; it "serves as a notice of transfer of jurisdiction from the executive branch to the judicial branch." *Id.* at 588–89. Further and importantly, "[w]hen the legislature prescribes a procedure for circuit court review of the action of an administrative body, the conditions of the procedure must be complied with before jurisdiction is invoked." *Id.* at 588.

[¶14.] Because SDCL 1-26-31 "is clear and uses mandatory language[,]" *Stark*, 461 N.W.2d at 588, this Court has also held that a circuit court does not acquire subject matter jurisdiction over an administrative appeal when the employee fails to file the notice of appeal in the proper county, *Schreifels*, 2001 S.D. 90, ¶ 12, 631 N.W.2d at 189, or, under a prior version of SDCL 1-26-31, fails to serve the notice of appeal on the hearing examiner, *Slama v. Landmann Jungman Hosp.*, 2002 S.D. 151, ¶ 10, 654 N.W.2d 826, 829. In *Slama*, the Court noted the apparent harshness of the result, but left for the Legislature "to change the service requirement if it is unnecessary or poses an unreasonable hurdle in certain circumstances." *Id.* ¶ 9.

[¶15.] Presumably in response to *Slama*, the Legislature amended SDCL 1-26-31 in 2004 to provide that the failure to serve the notice of appeal on the hearing examiner does not deprive the circuit court of subject matter jurisdiction. Yet the Legislature did not likewise revise the jurisdictional provision in SDCL 1-26-31 requiring service of the notice of appeal on the agency in response to this Court's

decision in *Stark*. *See Phen v. Progressive N. Ins. Co.*, 2003 S.D. 133, ¶¶ 20–21, 672 N.W.2d 52, 58 (noting that the Legislature was aware of this Court's past decision and chose to allow the ruling to stand despite making other changes to the governing statutes). Therefore, Hussein was required to serve the notice of appeal on the Department in order to invoke the circuit court's appellate jurisdiction.[2]

[¶16.] Hussein nevertheless notes this Court's prior holding that "[n]otices of appeal should be liberally construed in favor of their sufficiency." *See Int'l Union of Operating Eng. v. Aberdeen Sch. Dist.*, 463 N.W.2d 843, 844 (S.D. 1990). He asserts that because he sent his email request for an appeal hearing to the ALJ, the Department of Labor and Regulation, and opposing counsel on November 15, 2021, he "complied with notice requirements stated in SDCL 1-26-31[.]" He further asserts that the ALJ's email response on November 15 "clearly evidences that the Request for an Appeal [was] served and accepted as [a] Notice of Appeal."

[¶17.] While this Court has construed the sufficiency of *the contents* of a notice of appeal liberally, the question here concerns whether the *service* of the notice of appeal invoked the circuit court's appellate jurisdiction. In that regard, Hussein's November 2021 *email and submissions to the ALJ* did not satisfy the requirements of SDCL 1-26-31 because they do not constitute service to the Department of his December 1, 2021 appeal *filed in the circuit court*.

[¶18.] Although not characterized as such by Hussein, it appears he is suggesting that the doctrine of substantial compliance applies because his

---

2. Hussein also did not serve the notice of appeal on the ALJ. However, as SDCL 1-26-31 now provides, such failure does not deprive the circuit court of jurisdiction.

November 2021 email and submissions show that he wanted to appeal the ALJ's workers' compensation decision. "'Substantial compliance' with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute." *Larson v. Hazeltine*, 1996 S.D. 100, ¶ 19, 552 N.W.2d 830, 835 (citation omitted). But "the doctrine of substantial compliance cannot be substituted for jurisdictional prerequisites." *AEG*, 2013 S.D. 75, ¶ 23, 838 N.W.2d at 850. Therefore, full compliance with the jurisdictional prerequisites in SDCL 1-26-31 is required. *Schreifels*, 2001 S.D. 90, ¶ 10, 631 N.W.2d at 189.

[¶19.]     Because Hussein did not serve his notice of appeal to the circuit court on the Department within 30 days after the ALJ served notice of its amended letter decision, the circuit court properly dismissed Hussein's administrative appeal. Further, because the circuit court was without subject matter jurisdiction, this Court likewise lacks jurisdiction over the merits of Hussein's appeal. *See Cable v. Union Cnty. Bd. of Cnty. Comm'rs,* 2009 S.D. 59, ¶ 52, 769 N.W.2d 817, 833.

[¶20.]     Affirmed.

[¶21.]     JENSEN, Chief Justice, and KERN, SALTER, and MYREN, Justices, concur.