#30105-r-SRJ
**2023 S.D. 45**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BRITTAIN KOVAC,                                    Petitioner and Appellant,

v.

SOUTH DAKOTA REEMPLOYMENT
ASSISTANCE DIVISION,                          Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CHRISTINA L. KLINGER
Judge

\* \* \* \*

MARIAH C. BLOOM
Aberdeen, South Dakota                     Attorney for petitioner and
                                                               appellant.

SETH A. LOPOUR
COURTNEY S. CHAPMAN of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota                    Attorneys for respondent and
                                                               appellee.

\* \* \* \*

                                                   CONSIDERED ON BRIEFS
                                                   APRIL 25, 2023
                                                   OPINION FILED **08/23/23**

#30105

JENSEN, Chief Justice

[¶1.]     The circuit court dismissed Brittain Kovac's administrative appeal from a final decision of the South Dakota Department of Labor and Regulation's (DOL) Reemployment Assistance Division (RAD), determining the court lacked subject-matter jurisdiction.  Kovac appeals.  We reverse and remand.

## Background

[¶2.]     The facts are limited and largely undisputed.  On January 24, 2022, an Administrative Law Judge (ALJ) entered findings of fact and conclusions of law determining that Kovac was ineligible to have received $20,278.00 in federal pandemic unemployment benefits and ordered her to repay them.  On February 17, 2022, the Secretary of the DOL affirmed the ALJ's decision.  The Secretary's letter decision included a notice that Kovac had 30 days to appeal the decision to the circuit court.  The last day for Kovac to timely file an appeal was March 22, 2022.[1]

[¶3.]     On March 15, 2022, Kovac mailed an appeal letter addressed to the circuit court administrator for the Sixth Circuit Court in Hughes County.  The letter shows it was also emailed to a Sixth Circuit court reporter and faxed to a number in the Sixth Circuit Administrator's office.  The letter was also addressed to the DOL and RAD and showed it was faxed to both offices.  The letter requested reconsideration of the ALJ's and DOL's decision and further stated, "Should the SD Department of Labor and Reemployment Assistance not waive this overpayment

---

1.     RAD argued to the circuit court that the deadline to file the notice of appeal was March 21, 2022.  RAD concedes on appeal that it incorrectly calculated the appeal time and acknowledges that March 22, 2022, was Kovac's appeal deadline.

**please consider this letter my notice of appeal in this matter to the 6th district circuit court of South Dakota in Hughes County**." A date stamp shows Sixth Circuit Administration received the mailed letter on March 17, 2022.

[¶4.] On March 22, 2022, a deputy clerk of courts for Hughes County sent Kovac a letter acknowledging that the clerk's "office is in receipt of her letter and a fax requesting to file an administrative appeal involving the [DOL]." The clerk informed Kovac that the appeal letter and fax "requesting to file an administrative appeal" was being returned unfiled because a South Dakota Supreme Court rule prohibits the clerk's office from accepting faxed or emailed pleadings.[2] The letter also informed Kovac that a case filing statement is required "to initiate a case." The clerk included a form case filing statement in the letter to Kovac. Finally, the letter advised Kovac that payment of a $70 filing fee or a request for waiver of the fee was required for the clerk to file a notice of appeal. The clerk's office provided directions to resources that would assist Kovac if she made another attempt to file.

[¶5.] Kovac made a second attempt to file a notice of appeal on April 6, 2022, including a completed UJS-338 motion and notice for hearing form, a case filing

---

2. The clerk was correct in this regard and generally may not accept pleadings or notices transmitted by facsimile or email for filing. For attorneys, SDCL 15-6-5(e) designates the Odyssey electronic filing system as the exclusive means to file with the clerk unless exempted under a rule or court order. Documents filed electronically in this way serve as the "original" version. Self-represented litigants "may file electronically, but are not required to file electronically." SDCL 15-6-5(e). However, self-represented litigants who do not file electronically are still subject to a requirement to file the "original of all papers[.]" SDCL 15-6-5(d). Although Kovac attempted to file her notice of appeal by facsimile, this noncompliance with the filing rules is not consequential because she also mailed an original version which the clerk referenced in her March 22 letter.

statement, and a check for the $70 filing fee. A deputy clerk for Hughes County again returned the notice of appeal "unfiled" to Kovac with a letter explaining that Kovac's pleadings did "not meet the requirements set forth in [SDCL] 1-26-31."[3] The clerk's office also returned Kovac's filing fee because it had "determined that a $70 dollar filing fee is not required to file an administrative appeal relating to Reemployment Assistance." At this point, Kovac, who had been representing herself, retained legal counsel. Counsel filed a notice of appeal on behalf of Kovac on April 26, 2022.

[¶6.] RAD moved to dismiss Kovac's appeal, arguing it was untimely. The circuit court held a hearing on RAD's motion. At the hearing, RAD asserted the case should be dismissed for lack of subject-matter jurisdiction because a timely notice of appeal is necessary to transfer jurisdiction from the executive to the judicial branch. Kovac responded that the appeal was timely filed, and the clerk of courts erroneously returned it as unfiled. She further argued that SDCL 15-6-5(h), the provision requiring a case filing statement, does not require a separate document, and her first document contained all the information necessary to comply with the rule. Kovac also argued that her notice of appeal substantially complied with the statutory requirements for filing an appeal from an administrative agency to the circuit court. The circuit court ordered both parties to provide supplemental

---

3. SDCL 1-26-31 provides, "An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision[.]" It is unclear from the letter which requirements of the statute the clerk deemed had not been satisfied.

briefing on the definition of "file" and whether Kovac's original notice of appeal complied with SDCL 1-26-31 since it was delivered to the circuit court administrator rather than the clerk of courts' office.

[¶7.] In her supplemental brief, Kovac argued that a document is filed when it is received by the appropriate office, and therefore, her notice of appeal was filed with the clerk of courts on or before March 22, the date the clerk acknowledged receiving it. On the other hand, RAD argued that filed means a document has been delivered to and accepted by the clerk of courts and the document becomes part of the public record.

[¶8.] The circuit court issued a memorandum opinion determining under the three-day mail rule and time computations set forth in SDCL 15-6-6(a) and (e), the last day for Kovac to timely file an appeal was March 22, 2022. After analyzing this Court's precedents, the circuit court cited *Abdulrazzak v. S.D. Board of Pardons & Paroles*, 2020 S.D. 10, ¶¶ 14–17, 940 N.W.2d 672, 676–77, to define filing. Applying *Abdulrazzak*, the circuit court concluded a document is considered filed when the clerk of courts is in receipt of the document, meaning the clerk has taken physical possession of it. Despite the clerk's reference to being in "receipt" of Kovac's notice, the circuit court concluded that the clerk did not take physical possession because the notice was returned unfiled.

[¶9.] The circuit court further reasoned that a notice of appeal is only considered filed if it complies with statutory filing requirements for appeal. It determined that Kovac's failure to pay a filing fee and include a case filing statement demonstrated non-compliance with the overarching statutory scheme.

The court analogized Kovac's case to *Hansen v. S.D. Board of Pardons & Paroles*, 1999 S.D. 135, 601 N.W.2d 617, where this Court upheld the dismissal of an inmate's appeal because the notice of appeal did not include a filing fee or waiver of the fee as required by SDCL 16-2-29(3)(j) and Supreme Court Rule codified at SDCL 15-26A-4(4). The circuit court determined the appeal was also noncompliant because SDCL 1-26-32.1 incorporates the Rules of Civil Procedure in SDCL chapter 15-6 to administrative appeals and SDCL 15-6-5(h) requires a case filing statement for all administrative appeals to the circuit court. The circuit court applied SDCL 16-2-47 to determine that the clerk of courts acted well within its discretion by rejecting Kovac's notice. "A clerk of courts may refuse to file or docket any document that the law does not require or authorize a clerk to file or docket." SDCL 16-2-47.

[¶10.]    The circuit court further rejected Kovac's claim that substantial compliance with SDCL 1-26-31 was sufficient to invoke subject-matter jurisdiction. And, in the alternative, the court concluded that Kovac did not substantially comply with the appeal statute because she sent her notice to the Sixth Circuit Administrator's office and failed to include the case filing statement.

[¶11.]    The circuit court dismissed Kovac's appeal for lack of subject-matter jurisdiction due to Kovac's failure to timely perfect an appeal. Kovac appeals, raising the single issue of whether the circuit court erred when it granted RAD's motion to dismiss.

**Analysis and Decision**

[¶12.] We review a circuit court's dismissal of an administrative appeal "for lack of appellate jurisdiction 'as a "question of law under the de novo standard of review."'" *Abdulrazzak*, 2020 S.D. 10, ¶ 9, 940 N.W.2d at 675 (quoting *Upell v. Dewey Cnty. Comm'n*, 2016 S.D. 42, ¶ 9, 880 N.W.2d 69, 72). "Further, when statutory interpretation is relevant to the inquiry, 'statutory interpretation is also a question of law, reviewed de novo.'" *Id.* (quoting *Upell*, 2016 S.D. 42, ¶ 9, 880 N.W.2d at 72). And "we review 'legal questions arising under the rules of civil procedure de novo, utilizing our established rules for statutory construction.'" *Id.* (quoting *Leighton v. Bennett*, 2019 S.D. 19, ¶ 7, 926 N.W.2d 465, 467–68).

[¶13.] "In administrative appeals, a circuit court's appellate jurisdiction depends on compliance with statutory conditions precedent." *AEG Processing Ctr. No. 58, Inc. v. S.D. Dep't of Revenue & Regul.*, 2013 S.D. 75, ¶ 8, 838 N.W.2d 843, 847 (citing *Schreifels v. Kottke Trucking*, 2001 S.D. 90, ¶ 9, 631 N.W.2d 186, 188). We have consistently stated that compliance with SDCL 1-26-31 is an essential condition precedent to a circuit court's appellate jurisdiction because it transfers jurisdiction from the executive to the judicial branch. *Abdulrazzak*, 2020 S.D. 10, ¶ 11, 940 N.W.2d at 675 (quoting *Slama v. Landmann Jungman Hosp.*, 2002 S.D. 151, ¶ 4, 654 N.W.2d 826, 827). We have further stated that substantial compliance will not be accepted as a substitute to strict textual compliance with jurisdictional prerequisites. *AEG*, 2013 S.D. 75, ¶ 23, 838 N.W.2d at 850 (noting that substantial compliance would in effect rewrite the statutes timeliness requirements).

[¶14.] Kovac argues that the notice of appeal was filed with the Hughes County Clerk of Courts' office no later than March 22, 2022, when the clerk acknowledged receipt of the notice of appeal. Kovac maintains that once the clerk received the notice of appeal, jurisdiction was transferred to the circuit court pursuant to SDCL 1-26-31, even though the clerk returned the document to her "unfiled." Kovac also contends that the appeal was perfected because she substantially complied with the requirements of SDCL 1-26-31.

[¶15.] RAD responds that Kovac failed to timely file a notice of appeal by trying to file the document with the circuit court administrator's office rather than the clerk's office. RAD also argues that jurisdiction was not perfected as required by SDCL 1-26-31 because the clerk of courts did not retain possession of the documents and properly returned them unfiled for non-compliance with the statutory filing requirements. RAD maintains filing does not occur until the clerk determines that the notice of appeal complies with applicable requirements and accepts it for placement in court record.

[¶16.] We begin our analysis with SDCL 1-26-31. "An appeal shall be taken by serving a copy of a notice of appeal upon [specified parties], and by filing the original with proof of such service in the office of the clerk of courts[.]" *Id.* The failure to timely "file" an appeal from an administrative decision is jurisdictionally fatal under SDCL 1-26-31. *AEG*, 2013 S.D. 75, ¶ 8, 838 N.W.2d at 846.

[¶17.] SDCL chapter 1-26 does not define "filing," and this Court has not adopted a precise definition of filing in this context. In *Abdulrazzak*, we rejected

the application of the prison mailbox rule[4] based on the "plain and unambiguous text" of SDCL 1-26-31. 2020 S.D. 10, ¶ 17, 940 N.W.2d at 677. In rejecting the prison mailbox rule, we relied on decisions from the Nebraska Supreme Court interpreting the term "filing" within a similar Nebraska statute. We concluded that filing means "receipt in the office of the clerk." *Id.* ¶ 16, 940 N.W.2d at 677; *State v. Parmar*, 586 N.W.2d 279, 283–84 (Neb. 1998). Thus, *Abdulrazzak* requires, at a minimum, that an original document must be received by the clerk of courts' office to be considered filed.

[¶18.] When a statute speaks about the filing duties of litigants, the root term "file" means "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." *File, Black's Law Dictionary* (11th ed. 2019); *see generally Jackson v. Canyon Place Homeowner's Ass'n, Inc.*, 2007 S.D. 37, ¶ 11, 731 N.W.2d 210, 213 (When a term is undefined within a statute, as is the case here, we may turn to dictionary definitions for assistance.). Under this definition, a litigant files a notice of appeal when they cause the original document to be delivered to the clerk of courts for formal filing by that office. *Cederberg v. City of Inver Grove Heights*, 686 N.W.2d 853, 856 (Minn. Ct. App. 2004); *see Houston v. Lack*, 487 U.S. 266, 273, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). This rule appreciates the reality that "the person filing the document is not responsible for the disposition of the document by the clerk's office" once it is in their possession. *Cederberg*, 686 N.W.2d

---

4. The prison mailbox rule is an exception to the general rule that filing occurs when a document is delivered to the clerk of courts. *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Under this rule, a document is considered timely filed when it is delivered to prison authorities for delivery to the clerk of courts. *Id.*

at 856 (quoting *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo. Ct. App. 1977)); *Houston*, 487 U.S. at 273, 108 S. Ct. at 2384.

[¶19.]     The United States Supreme Court upheld this view in a case involving similar facts.  In *Parissi v. Telechron, Inc.*, the petitioner sought to appeal a judgment from the District Court for the Northern District of New York to the Second Circuit Court of Appeals.  349 U.S. 46, 75 S. Ct. 577, 99 L. Ed. 867 (1955). The clerk of courts' office received the petitioner's notice of appeal within the thirty-day statutory window but refused to formally file the notice because the petitioner failed to include a required filing fee.  *Id.*  The district court determined that the notice was filed on the day it was originally received by the clerk's office, but the federal circuit court of appeals reversed.  *Id.* at 46–47, 75 S. Ct. at 577.  In a per curiam decision, the United States Supreme Court reversed the court of appeals, holding that the notice of appeal was filed once the clerk of courts' office was in receipt of the notice of appeal within the statutory window and untimely payment of a statutorily required filing fee "did not vitiate the validity of petitioner's notice of appeal."  *Id.* (expressly overruling *Mondakota Gas Co. v. Montana-Dakota Utilities Co.*, 194 F.2d 705 (9th Cir. 1952) and any other case stating a contrary rule).

[¶20.]     We hold that filing, as used in SDCL 1-26-31, refers to the date that the original document is received by the clerk of courts' office.[5]  Therefore, a notice

---

5.     This rule is consistent with Supreme Court Rule 13-12(D)(1), which states, "A document in compliance with the rules and submitted electronically to the clerk of court by 11:59 p.m. central standard time or daylight savings time as applicable shall be considered filed on that date."  Under this rule, a document is filed the day the electronic filing system receives it, even if the document has not been formally accepted by the clerk's office.

of appeal is considered filed under SDCL 1-26-31 on the date of receipt by the clerk of courts' office, regardless of the date the office formally accepts the notice of appeal. Here, the clerk of courts' office acknowledged in a letter that it was in "receipt" of Kovac's notice of appeal on March 22, which was sufficient to constitute timely "filing" under SDCL 1-26-31.

[¶21.] RAD argues that a notice of appeal cannot be considered filed until the clerk determines that it complies with applicable law and accepts it. In support, RAD cites to SDCL 16-2-47, which permits a clerk of courts to refuse to file or docket a pleading that the "law does not require or authorize a clerk to file[.]" SDCL 16-2-47 does not, however, authorize or require the clerk of courts to determine whether a timely received notice of appeal satisfies the jurisdictional requirements of SDCL 1-26-31. Nor does SDCL 16-2-47 attempt to define the term file or bear on the question of whether a notice of appeal has been timely filed within the meaning of SDCL 1-26-31.

[¶22.] The circuit court determined that Kovac failed to comply with SDCL 1-26-31 because she addressed her notice of appeal to the circuit court administrator rather than the clerk of courts. But SDCL 1-26-31 merely requires that the document be filed with the clerk of courts, the statute does not prescribe the route for delivering the document to the clerk's office. Although misaddressing a notice of appeal may result in the clerk's office not receiving it within the prescribed timeframe, that did not occur here, and there is no jurisdictional significance to the fact that Kovac mistakenly addressed her appeal to the circuit court administrator who, in turn, gave it to the clerk of courts. If we were to accept RAD's position that

the clerk of courts could definitively determine questions of appellate jurisdiction simply by refusing a filing, there would be no legal question for the courts to determine.

[¶23.] Nonetheless, our determination that the notice of appeal was timely filed with the clerk of courts does not resolve whether Kovac's notice of appeal as filed complied with the other jurisdictional conditions required by statute to perfect an administrative appeal to circuit court.[6] "In administrative appeals, a circuit court's appellate jurisdiction depends on compliance with statutory conditions precedent. A failure to comply with such conditions precedent deprives the circuit court of appellate jurisdiction." *McLaen v. White Twp.*, 2022 S.D. 26, ¶ 24, 974 N.W.2d 714, 723 (quoting *AEG*, 2013 S.D. 75, ¶ 8, 838 N.W.2d at 847).

[¶24.] The circuit court determined that the payment of a filing fee was a prerequisite to the circuit court assuming jurisdiction of this appeal from the DOL. However, nothing in SDCL 1-26-31 required the payment of a filing fee for the court to assume jurisdiction. Typically, the clerk of courts must collect a filing fee for an

---

6. We have stated that "jurisdiction must affirmatively appear from the record and this [C]ourt is required sua sponte to take note of jurisdictional deficiencies, whether presented by the parties or not." *Goens v. FDT, LLC*, 2022 S.D. 71, ¶ 4, 982 N.W.2d 415, 417 (alteration in original). SDCL 1-26-31 requires an appellant to (1) serve a copy of the notice of an appeal on the adverse party, the agency, and the hearing examiner (the statute specifically provides that service on the hearing examiner is not jurisdictional); and (2) file the "original with proof of such service in the office of the clerk of courts . . . within thirty days after the agency served notice of the final decision." RAD does not challenge the adequacy of the notice of appeal or the timeliness of service. The notice of appeal designates the order appealed from and shows it was addressed to the DOL and RAD and faxed to both entities. In the absence of any argument to the contrary, we conclude that the notice of appeal and proof of service offered by Kovac is sufficient to satisfy SDCL 1-26-31.

appeal from a state agency to the circuit court. SDCL 16-2-29(3)(j). Based on the statutory requirement for payment of a filing fee for administrative appeals to the circuit court, we determined in *Hansen*, that collecting this filing fee is necessary to "perfecting" an appeal.[7] 1999 S.D. 135, ¶¶ 6–8, 601 N.W.2d at 618–19. But here collecting a filing fee was unnecessary because Kovac's appeal was exempt from the filing fee requirement.

[¶25.] SDCL 61-7-21 provides that "[n]o individual claiming benefits may be charged fees of any kind in any proceeding under this title by the department or by any court." *See also Eiler v. S.D. Dep't of Labor & Reg., Unemployment Ins. Div.*, 2013 S.D. 69, ¶ 11, 838 N.W.2d 615, 619. "'Proceeding[s] under this title' include appeals at the [RAD] level, SDCL ch. 61-7, as well as appeals of the [DOL's] final decision to the circuit court and the Supreme Court, SDCL 61-7-14 (incorporating SDCL 1-26-30.2 and SDCL 1-26-37)." *Id.* ¶ 12, 838 N.W.2d at 619 (first alteration in original). Kovac's appeal arises directly from litigation with the RAD and relates to her entitlement to benefits. Under these circumstances, the Legislature has prohibited charging or collecting a filing fee, therefore it was unnecessary for her to include a filing fee with the notice of appeal.

[¶26.] Next, we address the circuit court's determination that Kovac's failure to file a case filing statement on or before March 22, 2022, precluded the circuit court from assuming subject-matter jurisdiction of the appeal. In reaching this conclusion, the court relied on SDCL 1-26-32.1, which provides, "[t]he sections of

---

7. Based upon our determination that a filing fee was not required for this appeal, it is unnecessary to revisit whether *Hansen* correctly decided that the payment of a filing fee is a jurisdictional defect under SDCL 1-26-31.

#30105

Title 15 relating to practice and procedure in the circuit courts shall apply to procedure for taking and conducting [administrative appeals] under this chapter so far as the same may be consistent and applicable[.]" The circuit court reasoned that SDCL 1-26-32.1's incorporation of these procedural rules to administrative appeals requires a case filing statement "whenever an individual seeks to file an administrative appeal." However, the appropriate inquiry is whether the Legislature intended a case filing statement to be a jurisdictional prerequisite for perfecting an administrative appeal to a circuit court under SDCL 1-26-31.

[¶27.]       The case filing statement requirement under SDCL 15-6-5(h) is a Supreme Court Rule. There is nothing in SDCL 1-26-31 or in SDCL chapter 1-26 that requires the filing of a civil case statement as a jurisdictional prerequisite to perfecting an administrative appeal to circuit court. In addressing subject-matter jurisdiction from administrative appeals in federal court, the United States Supreme Court has recognized that:

> Jurisdictional requirements mark the bounds of a "court's adjudicatory authority." Yet not all procedural requirements fit that bill. Many simply instruct "parties [to] take certain procedural steps at certain specified times" without conditioning a court's authority to hear the case on compliance with those steps. These nonjurisdictional rules "promote the orderly progress of litigation" but do not bear on a court's power. The distinction matters. Jurisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and, as relevant to this case, do not allow for equitable exceptions. Mindful of these consequences, we have endeavored "to bring some discipline" to use of the jurisdictional label. To that end, we treat a procedural requirement as jurisdictional only if Congress "clearly states" that it is. Congress need not "incant magic words," but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences."

*Boechler, P.C. v. Comm'r of Internal Revenue*, __ U.S. __, 142 S. Ct. 1493, 1497, 212 L. Ed. 2d 524 (2022) (internal citations omitted).  Consistent with *Boechler*, in the absence of a statutory directive requiring a case filing statement as a jurisdictional prerequisite, we conclude that Kovac's failure to include a case filing statement with the notice of appeal, on or before March 22, 2022, was not jurisdictional.

[¶28.]     For these reasons, we reverse the circuit court's decision dismissing this administrative appeal for lack of jurisdiction.  Having determined the circuit court has subject-matter jurisdiction of this administrative appeal, we remand to the circuit court for further proceedings.

[¶29.]     KERN, SALTER, DEVANEY, and MYREN, Justices, concur.